# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>APPLE INC.,<br><br>   Defendant. | CIVIL ACTION NO. 6:21-cv-670-ADA<br><br>**ORAL ARGUMENT REQUESTED** |
| VOIP-PAL.COM, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>AT&T CORPORATION;<br>AT&T SERVICES, INC.; and<br>AT&T MOBILITY, LLC,<br><br>   Defendants. | CIVIL ACTION NO. 6:21-cv-671-ADA<br><br>**ORAL ARGUMENT REQUESTED** |
| VOIP-PAL.COM, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>VERIZON COMMUNICATIONS, INC.;<br>CELLCO PARTNERSHIP dba VERIZON<br>WIRELESS;<br>VERIZON SERVICES, CORP.; and<br>VERIZON BUSINESS NETWORK<br>SERVICES, INC.,<br><br>   Defendants. | CIVIL ACTION NO. 6:21-cv-672-ADA<br><br>**ORAL ARGUMENT REQUESTED** |

## PLAINTIFF VOIP-PAL.COM, INC.'S CONSOLIDATED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION PRELIMINARY INJUNCTION

**AGAINST DEFENDANTS APPLE, INC.; AT&T CORPORATION; AT&T SERVICES, INC.; AT&T MOBILITY, LLC; VERIZON COMMUNICATIONS, INC.; CELLCO PARTNERSHIP dba VERIZON WIRELESS; VERIZON SERVICES, CORP.; AND VERIZON BUSINESS NETWORK SERVICES, INC. UNDER THE FIRST-TO-FILE RULE**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................. 1

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................... 2

  A.  The Parties ..................................................................................................... 2

  B.  Technology and Patents ................................................................................. 3

  C.  VoIP-Pal's 2016 Cases Against AT&T, Verizon, Apple, and Twitter............... 4

  D.  VoIP-Pal's 2018 Cases Against Apple and Amazon ...................................... 5

  E.  VoIP-Pal's 2020 WDTX Cases ..................................................................... 6

  F.  The 2020 NDCAL Declaratory-Judgment Actions ......................................... 6

  G.  VoIP-Pal's First-Filed 2021 WDTX Cases................................................... 8

  H.  The Second-Filed 2021 NDCAL Actions ...................................................... 8

III.   LEGAL STANDARD........................................................................................ 8

IV.   ARGUMENT ..................................................................................................... 12

  A.  Being the Court Initially Seized of the Controversy, This Court Should Enjoin Defendants From Pursuing the Second-Filed 2021 NDCAL Actions...................................... 12

    1.  The 2021 WDTX cases and the second-filed 2021 NDCAL actions are identical........ 12

    2.  Being the first-filed court, this Court should enjoin prosecution of the second-filed 2021 NDCAL actions, which were initiated to manipulate venue.................................................. 13

    3.  Defendants cannot meet their burden to establish an exception to the first-to-file rule. 14

  B.  The Court Should Immediately Enjoin Defendants From Proceeding With the Second-Filed 2021 NDCAL Actions...................................................... 17

V.    CONCLUSION................................................................................................... 18

## **TABLE OF AUTHORITIES**

**Cases**

*Abbott Laboratories v. Johnson and Johnson, Inc.*, 524 F. Supp. 2d 553 (D. Del. 2007)............ 16

*Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661 (5th Cir. 1967) ......................................... 13

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) .............................................................. 10

*Bryant v. Oxxford Express, Inc.,* 181 F. Supp. 2d 1045 (C.D. Cal. 2000). .................................. 11

*Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376 (D. Del. 2012) ...................... 16

*City of New York v. Exxon Corp.,* 932 F.2d 1020 (2d Cir. 1991) .................................................. 11

*Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976)................... 9

*Columbia Plaza Corporation v. Security National Bank,* 525 F.2d 620 (D.C. Cir. 1975)....... 9, 10

*Commns. Test Design v. Contec, LLC*, 952 F.3d 1356 (Fed. Cir. 2020) ...................................... 11

*Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941).................................................... 13

*Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341 (Fed. Cir. 2005) ........................................ 10, 11

*FTC v. Dean Foods Co.*, 384 U.S. 597 (1966) ................................................................................ 8

*Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704 (Fed. Cir. 2013)....................... 10

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993)................................................ 10

*In re Nitro Fluids L.L.C.*, 978 F.3d 1308 (Fed. Cir. 2020). ........................................................... 11

*In re Van Geuns*, 946 F.2d 845 (Fed. Cir. 1991) ........................................................................... 9

*ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351 (5th Cir. 1978)........................................... 8

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180 (1952) ............................... 9, 11, 13

*Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326 (Fed. Cir. 2004)............................ 11

*Landis v. North American Co.,* 299 U.S. 248 (1936)...................................................................... 9

*Mann Manufacturing, Inc. v. Hortex, Inc.,* 439 F.2d 403 (5th Cir. 1971) .......................... 9, 10, 11

*Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283 (Fed. Cir. 2012) .......................................................... 10

*Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983) ................................. 13

*Northwest Airlines, Inc. v. American Airlines, Inc.*,   989 F.2d 1002 (8th Cir. 1993).................. 11

*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955)................................................................................ 13

*Pac. Live Stock Co. v. Or. Water Bd.*, 241 U.S. 440 (1916)......................................................... 10

*Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982)................................................... 13

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) .............................................................. 14

*Reactive Surfaces Ltd, LLP v. Toyota Motor Corp.*, 1:14-CV-1009-LY, 2015 U.S. Dist. LEXIS

106796 (W.D. Tex. Aug. 13, 2015)........................................................................................ 13

*Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947 (5th Cir. 1997).............................. 11, 17

*Schauss v. Metals Depository Corporation,* 757 F.2d 649 (5th Cir. 1985) ............................. 9, 11

*Sefac USA, Inc. v. Gray Manufacturing Company, Inc.*, No. 19-5375, 2020 U.S. Dist. LEXIS

143491 (E.D. Pa. 2020) .......................................................................................................... 16

*Sp Plus Corp. v. Ipt*, NO. 16-2474, 2016 U.S. Dist. LEXIS 203154 (E.D. La. Dec. 12, 2016)... 11

*Steelman v. All Continent Corp.,* 301 U.S. 278 (1937)................................................................... 9

*Superior Sav. Ass'n. v. Bank of Dallas*, 705 F. Supp. 326 (N.D. Tex. 1989) .......................... 9, 10

*VoIP-Pal.Com, Inc. v. Apple Inc.*, 375 F. Supp. 3d 1110 (N.D. Cal. 2019) .................................. 4

*VoIP-Pal.com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926 (N.D. Cal. 2019) ..................................... 5

*VoIP-Pal.com, Inc. v. Apple, Inc.*, No. 20-1241, 2020 U.S. App. LEXIS 34684 (Fed. Cir. Nov. 3,

2020)......................................................................................................................................... 5

*VoIP-Pal.Com, Inc. v. Twitter, Inc.*, 798 F. App'x 644 (Fed. Cir. 2020) ...................................... 4

*VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case No. 2:16-cv-02338-RFB-CWH, 2018 U.S. Dist. LEXIS

122807 (D. Nev. July 23, 2018). .............................................................................................. 4

*Wapp Tech. Ltd. P'ship v. Seattle SpinCo, Inc.*, 4:18-CV-00469, 2020 U.S. Dist. LEXIS 46498

(E.D. Tex. Mar. 18, 2020) ................................................................................. 13

*West Gulf Maritime Association v. ILA Deep Sea Local 24,* 751 F.2d 721 (5th Cir. 1985)........... 9

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ......................................................... 10

*Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663 (N.D. Cal. 2003)......................... 10, 13

## TABLE OF ABBREVIATIONS

| ABBREVIATION | TERM |
| --- | --- |
| VoIP-Pal | Plaintiff VoIP-Pal.com, Inc. |
| Apple, Inc. | Defendant Apple Inc. |
| AT&T | AT&T, Corp., AT&T Services, Inc., and AT&T Mobility, LLC |
| Verizon | Verizon Communications, Inc.; Cellco Partnership d/b/a Verizon Wireless; Verizon Services, Corp.; and Verizon Business Network Services, Inc. |
| Amazon | Amazon.com, Inc. and Amazon Technologies, Inc. |
| Facebook | Facebook, Inc. |
| Google | Google LLC |
| Twitter | Twitter, Inc. |
| The '234 patent | U.S. Patent No. 8,630,234 |
| The '721 patent | U.S. Patent No. 10,880,721 |
| The Mobile Gateway patents | The '234 and '721 patents |
| The '815 patent | U.S. Patent No. 8,542,815 |
| The '005 patent | U.S. Patent No. 9,179,005 |
| The '762 patent | U.S. Patent No. 9,537,762 |
| The '330 patent | U.S. Patent No. 9,813,330 |
| The '002 patent | U.S. Patent No. 9,826,002 |
| The '549 patent | U.S. Patent No. 9,948,549 |
| The '606 patent | U.S. Patent No. 10,218,606 |
| The '872 patent | U.S. Patent No. 9,935,872 |

| | |
|---|---|
| The Routing, Billing, Rating ("RBR") patents | The '815 patent, the '005 patent, the '762 patent, the '330 patent, the '002 patent, the '549 patent, the '606 patent, and the '872 patent |
| The 2016 cases | *VoIP-Pal.com, Inc. v. Twitter, Inc.*, No. 5:18-cv-04523-LHK (N.D. Cal.); *VoIP-Pal.com, Inc. v. Verizon Wireless Services, LLC*, No. 18-cv-06054-LHK (N.D. Cal.); *VoIP-Pal.com, Inc. v. AT&T Corp.*, No. 3:18-cv-06177-LHK (N.D. Cal.); and *VoIP-Pal.com, Inc. v. Apple, Inc.* No. 3:18-cv-06217-LHK (N.D. Cal.) |
| The 2018 cases | *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, No. 5:18-cv-7020 (N.D. Cal.); *VoIP-Pal.com, Inc. v. Apple Inc.*, No. 5:18-cv-6216 (N.D. Cal.) |
| WDTX | Western District of Texas |
| NDCAL | Northern District of California |
| DNV | District of Nevada |
| The 2020 WDTX cases | *VoIP-Pal.Com, Inc. v. Facebook Inc. et al.*, No. 6:20-cv-00267-ADA (W.D. Tex.); *VoIP-Pal.Com, Inc. v. Google LLC et al.*, No. 6:20-cv-00269-ADA (W.D. Tex.); *VoIP-Pal.Com, Inc. v. Amazon.com, Inc. et al.*, No. 6:20-cv-00272-ADA (W.D. Tex.); *VoIP-Pal.Com, Inc. v. Apple Inc.*, No. 6:20-cv-00275-ADA, (W.D. Tex.); *VoIP-Pal.Com, Inc. v. AT&T, Inc. et al.*, No. 6:20-cv-325-ADA (W.D. Tex.); *VoIP-Pal.Com, Inc. v. Verizon Communications, Inc. et al.*, No. 6:20-cv-00327-ADA (W.D. Tex.) |
| The 2020 NDCAL cases | *Apple, Inc. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-02460-LHK (N.D. Cal.); *AT&T Corp., et al. v. VoIP-Pal.com., Inc.*, Case No. 5:20-cv-02995-LHK (N.D. Cal.); *Cellco Partnership d/b/a Verizon Wireless v. VoIP-Pal.com., Inc.*, Case No. 5:20-cv-03092-LHK (N.D. Cal.) |

The 2021 WDTX cases
*VoIP-Pal.com, Inc. v. Facebook, Inc., et al.*, Case No. 6:21-cv-665 (W.D. Tex.); *VoIP-Pal.com, Inc. v. Google, LLC*, Case No. 6:21-cv-667 (W.D. Tex.); *VoIP-Pal.com, Inc. v. Amazon.com, Inc., et al.*, Case No. 6:21-cv-668 (W.D. Tex.); *VoIP-Pal.com, Inc. v. Apple, Inc.*, 6:21-cv-670 (W.D. Tex.); *VoIP-Pal.com, Inc. v. AT&T Corp., et al.*, 6:21-cv-671 (W.D. Tex.); *VoIP-Pal.com, Inc. v. Verizon Communications, Inc., et al.*, 6:21-cv-672 (W.D. Tex.); *VoIP-Pal.com, Inc. v. T-Mobile US, Inc., et al.*, 6:21-cv-674 (W.D. Tex.)

The 2021 NDCAL actions
*AT&T Corp. et al. v. VoIP-Pal.com, Inc.*, Case No. 3:21-cv-05078 (N.D. Cal.); *Apple Inc. v. VoIP-Pal.com., Inc.*, Case No. 3:21-cv-05110 (N.D. Cal.); *Cellco Partnership d/b/a Verizon Wireless Inc. et al v. VoIP-Pal.com, Inc.*, Case No. 3:21-cv-05275 (N.D. Cal.)

## I.     INTRODUCTION

VoIP-Pal respectfully submits that this Court should temporarily restrain and enjoin Defendants from pursuing their second-filed-declaratory-judgment actions in the NDCAL (Case Nos. 5:21-cv-5078, 5:21-cv-5110, and 5:21-cv-5275 (NDCAL)) because VoIP-Pal filed the above-captioned suits against Defendants in this District first.   VoIP-Pal's lawsuits against Defendants, along with four other suits that VoIP-Pal filed in this District on the same day, are indisputably the first cases ever filed involving the Mobile Gateway patents or any patents from the Mobile Gateway patent family.   The Mobile Gateway patents also have substantially different inventors from any previous case involving VoIP-Pal patents.   In a calculated gamble to yet again manipulate venue, Defendants, however, filed mirror image declaratory-judgment actions in the NDCAL after VoIP-Pal's initial filings betting that they can have their actions heard in a forum that they believe is more favorable.   As explained below, this Court has the authority to restrain and enjoin Apple, AT&T, and Verizon from proceeding with their second-filed-declaratory-judgment actions.   A temporary restraining order and preliminary injunction are necessary to permit the orderly disposition of these cases and to prevent irreparable harm to VoIP-Pal.   By this consolidated Motion, VoIP-Pal respectfully requests that this Court grant a temporary restraining order and enjoin Defendants from pursuing parallel litigation on the same patents currently before this Court.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Parties

Plaintiff VoIP-Pal is a Nevada corporation with a principal place of business in Waco, Texas, and is registered to do business in the state of Texas.[1]

Defendant Apple is a California corporation with a principal place of business in Austin, Texas.[2]  It is believed that Apple employs approximately 7,000 people in this District and is probably the largest private employer in this District.[3]

Defendant AT&T Services, Inc. is a Delaware corporation with a principal place of business in San Antonio, Texas.[4]  Defendant AT&T Corporation is a New York corporation and a wholly-owned subsidiary of AT&T Services, Inc. with a principal place of business in New Jersey.[5]  Defendant AT&T Mobility LLC is organized under the laws of the state of Delaware.[6] It is well known that AT&T has headquarters in the Whitacre Tower at One AT&T Plaza in Dallas, Texas where approximately 700 employees occupy 17 floors of this landmark building.[7] AT&T has over 500 stores selling AT&T devices and services in Texas including stores in the WDTX (e.g., San Antonio (35 stores), Austin (22 stores) and Waco (5 stores)).[8]

Cellco Partnership does business under Verizon Wireless and is a Delaware general partnership with a principal place of business in New Jersey.[9]  Verizon Communications, Inc. is

---

[1] *See, e.g.*, Case No. 6:21-cv-671-ADA, Dkt. No. 1 at ¶ 1.

[2] Case No. 6:21-cv-670-ADA, Dkt. No. 1 at ¶ 2.

[3]    *See*    https://www.statesman.com/business/20191108/apples-austin-workforce-continues-to-climb (last visited July 19, 2021).

[4] Case No. 6:21-cv-671-ADA, Dkt. No. 7. at ¶ 3.

[5] *Id.* at ¶¶ 2, 3.

[6] *Id*. at ¶ 4.

[7] *See* https://en.wikipedia.org/wiki/AT%26T (last visited July 19, 2021).

[8] *See* https://www.att.com/stores/texas/ (last visited July 19, 2021).

[9] Case. No. 6:21-cv-672-ADA, Dkt. No. 1 at ¶ 3.

a Delaware corporation with a principal place of business in New York.[10]  Verizon Services Corp. is a Delaware corporation with a principal place of business in Pennsylvania.[11]  Verizon Business Network Services, Inc. is a Delaware corporation with a principal place of business in Virginia.[12]  Verizon has had corporate offices in Irving, Texas since at least 1990, and in 2018 employed at least 2,800 workers at that location.[13] Verizon has numerous stores selling Verizon devices and services in the WDTX.[14]

### B.    Technology and Patents

VoIP-Pal has provided improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet-protocol-based communication systems and other networks, such as internally controlled systems and external networks (*e.g.*, across private networks and between private networks and public networks), including providing access to and routing through internet-protocol-based communication systems.[15]

The Mobile Gateway patents describe novel systems, apparatuses, and methods for providing an access code to roaming mobile communication devices such as smartphones, to enable access to suitable communication routing infrastructure, wherein the selection of the

---

[10] *Id.* at ¶ 2.

[11] *Id.* at ¶ 4

[12] *Id.* at ¶ 5.

[13]    *See*    https://www.dallasnews.com/business/real-estate/2020/02/10/verizon-seeks-to-build-massive-offices-in-las-colinas-with-space-for-thousands-of-workers/ (last visited on July 19, 2021).

[14]    *See*    https://www.verizon.com/stores/storesearchresults/?lat=30.267153&long=-97.7430608&q=austin%20TX,%20USA (last visited on July 19, 2021).

[15] Case No. 6:21-cv-671-ADA, Dkt. No. 7 at ¶ 16.

communication channel for a call can be optimized based on the calling device's current location.[16]

C.    **VoIP-Pal's 2016 Cases Against AT&T, Verizon, Apple, and Twitter.**

In 2016, VoIP-Pal filed its first lawsuits in its home district—the DNV—against AT&T, Verizon, Apple, and Twitter.  In each case, VoIP-Pal asserted the '815 and '005 patents, which are part of the Routing, Billing, Rating ("RBR") patent family and unrelated to the Mobile Gateway patents.  Shortly after the Supreme Court decided *TC Heartland*, the DNV granted Twitter's motion to transfer Twitter's action to the NDCAL for improper venue.[17] Consequently, VoIP-Pal was forced to agree to transfer the remaining Nevada cases to the NDCAL.[18]

Between August 14 and November 7, 2018, the 2016 cases were assigned to Judge Lucy H. Koh.  On March 25, 2019, Judge Koh granted the defendants' Rule 12 motion to dismiss VoIP-Pal's asserted claims as invalid under § 101 and closed the 2016 cases.[19]  Thus, Judge Koh presided over the 2016 cases for less than eight months, considered one Rule 12 motion, and dismissed the 2016 cases at the pleadings stage over two years ago.  Among other things, Judge Koh did not conduct a *Markman* hearing, issue a claim construction order, consider motions for summary judgment, consider *Daubert* motions, or conduct a trial.  Judge Koh also never considered the defendants' accused products and services or their infringement.  On March 16,

---

[16] *Id.* at ¶ 26.
[17] *See VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case No. 2:16-cv-02338-RFB-CWH, 2018 U.S. Dist. LEXIS 122807 (D. Nev. July 23, 2018).
[18] *See* Exs. 1-3.  All exhibits refer to exhibits to the Declaration of Lewis E. Hudnell, III.
[19] *See VoIP-Pal.Com, Inc. v. Apple Inc.*, 375 F. Supp. 3d 1110 (N.D. Cal. 2019); Ex. 6.

2020, the Federal Circuit affirmed Judge Koh's decision invalidating the asserted claims in the 2016 cases.[20]

### D.   VoIP-Pal's 2018 Cases Against Apple and Amazon

In 2018, VoIP-Pal filed two additional lawsuits against Apple and Amazon in the DNV. In the 2018 cases, VoIP-Pal asserted four other RBR patents related to the '815 and '005 patents, but unrelated to the patents in the instant cases.  Because the DNV transferred the Twitter case, VoIP-Pal again had no choice but to agree to transfer the 2018 cases to the NDCAL.[21]

Between November 6 and 28, 2018, the 2018 cases were assigned to Judge Koh.  On November 1, 2019, Judge Koh granted a Rule 12 motion to dismiss VoIP-Pal's asserted claims as invalid under § 101 and closed the 2018 cases.[22]  Thus, Judge Koh presided over the 2018 cases for less than a year, considered one Rule 12 motion, and dismissed the 2018 cases at the pleadings stage over a year and a half ago.  Like the 2016 cases, Judge Koh did not conduct a *Markman* hearing, issue a claim construction order, consider motions for summary judgment, consider *Daubert* motions, or conduct a trial.  Although the parties briefed claim construction, Judge Koh never referenced the briefs in ruling on the motion to dismiss.  Judge Koh also never considered the accused products and services or their infringement.  On November 3, 2020, the Federal Circuit affirmed Judge Koh's decision invalidating the asserted claims in the 2018 cases.[23]

---

[20] *See VoIP-Pal.Com, Inc. v. Twitter, Inc.*, 798 F. App'x 644 (Fed. Cir. 2020).

[21] *See* Exs. 4-5.

[22] *See VoIP-Pal.com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926 (N.D. Cal. 2019); Ex. 7.

[23] *See VoIP-Pal.com, Inc. v. Apple, Inc.*, No. 20-1241, 2020 U.S. App. LEXIS 34684 (Fed. Cir. Nov. 3, 2020).

### E.        VoIP-Pal's 2020 WDTX Cases

On April 2, 2020, VoIP-Pal sued Facebook and WhatsApp in this District for infringing the '606 patent.[24]   This suit was the first one that VoIP-Pal filed asserting the '606 patent. Subsequently, VoIP-Pal filed suits in this District against Google (April 3, 2020), Amazon (April 6, 2020), Apple (April 7, 2020), AT&T (April 2, 2020), and Verizon (April 24, 2020).[25]

On July 8, 2020, AT&T and Verizon filed a Motion to Stay in Favor of the First-Filed Case or, in the Alternative, to Stay, Dismiss, or Transfer under the First-Filed Rule or 28 U.S.C. § 1404(a).[26]   Apple filed a similar motion the next day.[27]   On September 29, 2020, the Court *sua sponte* stayed all of these cases without ruling on the motions.[28]  Subsequently, VoIP-Pal consented to AT&T's and Verizon's motion to dismiss and the Court dismissed these cases on March 25, 2021.[29]   VoIP-Pal voluntarily dismissed the case against Apple under Rule 41 on March 24, 2021.[30]   The cases against Facebook/WhatsApp, Google, and Amazon remain stayed.

### F.        The 2020 NDCAL Declaratory-Judgment Actions

Soon after VoIP-Pal filed its 2020 WDTX Cases, in a deliberate attempt to manipulate VoIP-Pal's choice of venue for the '606 patent, Apple, AT&T, and Verizon all chose to file

---

[24] *See VoIP-Pal.Com, Inc. v. Facebook Inc. et al.*, No. 6:20-cv-00267-ADA, Dkt. No. 1 (W.D. Tex.).

[25] *See VoIP-Pal.Com, Inc. v. Google LLC et al.*, No. 6:20-cv-00269-ADA, Dkt. No. 1 (W.D. Tex.); *VoIP-Pal.Com, Inc. v. Amazon.com, Inc. et al.*, No. 6:20-cv-00272-ADA, Dkt. No. 1 (W.D. Tex.); *VoIP-Pal.Com, Inc. v. Apple Inc.*, No. 6:20-cv-00275-ADA, Dkt. No. 1 (W.D. Tex.); *VoIP-Pal.Com, Inc. v. AT&T, Inc. et al.*, No. 6:20-cv-325-ADA, Dkt. No. 1 (W.D. Tex.); *VoIP-Pal.Com, Inc. v. Verizon Communications, Inc. et al.*, No. 6:20-cv-00327-ADA, Dkt. No. 1 (W.D. Tex.)*.

[26] *See* Case No. 6:20-cv-325-ADA, Dkt. No. 22; Case No. 6:20-cv-327-ADA, Dkt. No. 17.

[27] *See* Case No. 6:20-cv-00275-ADA, Dkt. No. 17.

[28] *See, e.g.*, *id.*, Dkt. No. 43.

[29] *See* Case No. 6:20-cv-00325-ADA, Dkt. Nos. 51, 53; Case No. 6:20-cv-00327-ADA, Dkt. No. 47.

[30] *See* Case No. 6:20-cv-00275-ADA, Dkt. No. 49.

declaratory-judgment actions in the NDCAL seeking declaration of noninfringement and/or invalidity of the '606 patent.

Apple filed its declaratory-judgment action on April 10, 2020—three days after VoIP-Pal filed its WDTX complaint against Apple.[31]   Four days later, Apple amended its complaint to seek a declaration of noninfringement and invalidity of the '872 patent.[32]   AT&T filed its declaratory-judgment action on April 30, 2020—six days after VoIP-Pal filed its WDTX complaint against AT&T.[33]   Verizon filed its declaratory-judgment action on May 5, 2020— eleven days after VoIP-Pal filed its WDTX complaint against Verizon.[34]   The parties have informed the Court of the progress of the 2020 NDCAL cases in several notices of decision filed in the 2020 WDTX cases.[35]   On March 24, 2021, VoIP-Pal granted covenants-not-to-sue to Apple, AT&T, and Verizon on the patents at issue in each respective 2020 NDCAL case and moved to dismiss these cases for lack of subject-matter jurisdiction.[36]   VoIP-Pal and Verizon entered into a joint stipulation of dismissal, and the NDCAL dismissed Verizon's 2020 NDCAL case on May 26, 2021.[37]   Apple and AT&T, however, contested the covenants granted by VoIP-Pal.   Briefing on VoIP-Pal's motions to dismiss is closed and a hearing is scheduled for July 22, 2021.

---

[31] *See Apple, Inc. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-02460-LHK, Dkt. No. 1 (N.D. Cal.).

[32] *See id.*, Dkt. No. 10.

[33] *AT&T Corp., et al. v. VoIP-Pal.com., Inc.*, Case No. 5:20-cv-02995-LHK, Dkt. No. 1 (N.D. Cal.).

[34] *See Cellco Partnership d/b/a Verizon Wireless v. VoIP-Pal.com., Inc.*, Case No. 5:20-cv-03092-LHK, Dkt. No. 1 (N.D. Cal.).

[35] *See, e.g.*, Case No. 6:20-CV-275-ADA, Dkt. Nos. 44, 45, 46, 48, 50.

[36] *See Apple, Inc. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-02460-LHK, Dkt. No. 75 (N.D. Cal.); *AT&T Corp., et al. v. VoIP-Pal.com., Inc.*, Case No. 5:20-cv-02995-LHK, Dkt. No. 76 (N.D. Cal.); *Cellco Partnership d/b/a Verizon Wireless v. VoIP-Pal.com., Inc.*, Case No. 5:20-cv-03092-LHK, Dkt. No. 68 (N.D. Cal.).

[37] *See id.* at Dkt. No. 74.

### G.      VoIP-Pal's First-Filed 2021 WDTX Cases

On June 25, 2021, VoIP-Pal filed the instant cases along with four other cases in this Court asserting infringement of the Mobile Gateway patents.[38]   In yet another attempt to transmute VoIP-Pal's choice of venue, Apple, AT&T, and Verizon filed mirror-image-declaratory-judgment actions in the NDCAL.

### H.      The Second-Filed 2021 NDCAL Actions

AT&T filed a declaratory-judgment action on June 30, 2021—five days after VoIP-Pal filed its WDTX complaint against AT&T.[39]   AT&T seeks declarations that it does not infringe the Mobile Gateway patents and that they are invalid.[40]   Apple filed its declaratory-judgment action on July 1, 2021—six days after VoIP-Pal filed its WDTX complaint against Apple.[41] Apple seeks similar declarations from the NDCAL.[42]   Verizon filed its declaratory-judgment action on July 8, 2021—thirteen days after VoIP-Pal filed its WDTX complaint against Verizon—also seeking a declaration of invalidity and noninfringement of the Mobile Gateway patents.[43]

## III.   LEGAL STANDARD

It is well established that a federal court has the authority to enjoin a party from proceeding with a later-filed action in another federal court.   Under Federal Rule of Civil

---

[38] *VoIP-Pal.com, Inc. v. Facebook, Inc., et al.*, Case No. 6:21-cv-665 (W.D. Tex.); *VoIP-Pal.com, Inc. v. Google, LLC*, Case No. 6:21-cv-667 (W.D. Tex.); *VoIP-Pal.com, Inc. v. Amazon.com, Inc., et al.*, Case No. 6:21-cv-668 (W.D. Tex.); *VoIP-Pal.com, Inc. v. Apple, Inc.*, 6:21-cv-670 (W.D. Tex.); *VoIP-Pal.com, Inc. v. AT&T Corp., et al.*, 6:21-cv-671 (W.D. Tex.); *VoIP-Pal.com, Inc. v. Verizon Communications, Inc., et al.*, 6:21-cv-672 (W.D. Tex.); *VoIP-Pal.com, Inc. v. T-Mobile US, Inc., et al.*, 6:21-cv-674 (W.D. Tex.).

[39] *See AT&T Corp. et al. v. VoIP-Pal.com, Inc.*, Case No. 3:21-cv-05078, Dkt. No. 1 (N.D. Cal.).

[40] *See* Ex. 8.

[41] *See Apple Inc. v. VoIP-Pal.com, Inc.*, Case No. 3:21-cv-05110, Dkt. No. 1 (N.D. Cal.).

[42] *See* Ex. 9.

Procedure 65 and its inherent powers under the All Writs Act to provide injunctive relief, VoIP-Pal moves this Court to issue preliminary orders to quell the threat to the proper exercise of its jurisdiction.  The Supreme Court has recognized that, when jurisdiction only potentially exists, a court has the power to "issue status quo [injunctive] orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it."[44]  A temporary restraining order maintaining the status quo by prohibiting Defendants from pursuing mirror-image-declaratory-judgment actions in the NDCAL would serve the interests of justice and preserve the authority of this Court to assess its jurisdiction and to adjudicate the parties' dispute concerning the Mobile Gateway patents.

In general, district courts have the inherent power to enjoin parties from proceeding with a concurrent action involving the same or related issues.[45]  District courts have a significant degree of discretion in making this decision.[46]  Courts should give due regard "to conservation of judicial resources and comprehensive disposition of litigation …"[47]  The most important factor in determining whether to grant an injunction is whether the issues and parties are such that the result of one case would be dispositive of the other.[48]

In the Fifth Circuit, the guidance on whether Defendants should be enjoined from prosecuting the same issues in other federal courts provides that "the customary rules governing

---

[43] *See Cellco Partnership d/b/a Verizon Wireless Inc. et. al. v. VoIP-Pal.com., Inc.*, Case No. 3:21-cv-05275, Dkt. No. 1 (N.D. Cal.); Ex. 10.

[44] *See ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351, 1359, n. 19 (5th Cir. 1978) (citing *FTC v. Dean Foods Co.*, 384 U.S. 597 (1966)).

[45] *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180 (1952); *In re Van Geuns*, 946 F.2d 845, 849 (Fed. Cir. 1991) ("To promote efficient judicial management and conservation of scarce judicial resources, this court may enjoin parties . . . from proceeding with a concurrent action involving the same or related issues.").

[46] *See Kerotest*, 342 U.S. at 183.

[47] *Id.* at 183.

[48] *See id.* at 183-84; *In re Van Geuns*, 946 F.2d at 849.

the grant of injunctive relief are of 'secondary significance.'"[49]  "Although 'no precise rule has evolved, the general principle [as to concurrent federal court actions] is to avoid duplicative litigation.'"[50]

"In the Fifth Circuit, this situation presents two functional inquiries: (1) are the two pending actions so duplicative that one court should decide the subject matter of both actions; and if so, (2) which of the two courts should take the case?"[51]  When considering the second inquiry in a patent case, the court applies the first-to-file rule.[52]

As the Supreme Court explained over a century ago, the general rule is that "where the same matter is brought before courts of concurrent jurisdiction, the one first obtaining jurisdiction will retain it until the controversy is determined, to the entire exclusion of the other."[53]  The first-to-file rule instructs that when two cases of sufficient overlap are simultaneously pending in different federal courts, the second-filed of those two cases is generally to be dismissed, stayed, or transferred in favor of the first-filed case.[54]  The general rule that the first-filed action is favored may be even stronger when the second-filed actions are

---

[49] *Superior Sav. Ass'n. v. Bank of Dallas*, 705 F. Supp. 326, 328 (N.D. Tex. 1989) (*citing Columbia Plaza Corporation v. Security National Bank,* 525 F.2d 620, 622, n. 3 (D.C. Cir. 1975), *cited with approval, West Gulf Maritime Association v. ILA Deep Sea Local 24,* 751 F.2d 721, 732 (5th Cir. 1985); *see Kerotest,* 342 U.S. 180; *see also Schauss v. Metals Depository Corporation,* 757 F.2d 649, 654 (5th Cir. 1985); *Mann Manufacturing, Inc. v. Hortex, Inc.,* 439 F.2d 403, 407-08 (5th Cir. 1971)).

[50] *Id.* (*citing Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976) (citing *Kerotest,* 342 U.S. at 183; *Steelman v. All Continent Corp.,* 301 U.S. 278 (1937); *Landis v. North American Co.,* 299 U.S. 248, 254 (1936))).

[51] *Superior,* 705 F. Supp. at 328-29 (*citing Columbia Plaza Corporation,* 525 F.2d at 628-29; *Mann,* 439 F.2d at 407-408).

[52] *See id.* at 330-31.

[53] *Pac. Live Stock Co. v. Or. Water Bd.*, 241 U.S. 440, 447 (1916).

[54] *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

declaratory-judgment actions, such as in the instant cases.[55]  "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement, the other for declaratory relief, *the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action*."[56]

In patent cases, Federal Circuit law governs application of the first-to-file rule.[57]  As the Federal Circuit has explained, "[a]lthough district courts can, in the exercise of discretion, dispense with the first-to-file rule, there must 'be sound reason that would make it unjust or inefficient to continue the first-filed action.'"[58]  Thus, exceptions to the first-to-file rule are justified only in limited circumstances, such as "considerations of judicial and litigant economy, and the just and effective disposition of disputes."[59]  The burden is on the filer of the second-filed suit to show that compelling reasons exist to avoid the application of the first-to-file rule.[60]

As the first-filed court, this Court has the authority to temporarily restrain and to preliminarily enjoin Defendants' second-filed-declaratory-judgment actions.[61]  Indeed, "[t]he

---

[55] *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

[56] *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)) (emphasis added).

[57] *Futurewei*, 737 F.3d at 708 ("Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by this circuit's law."); *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005).

[58] *See Commns. Test Design v. Contec, LLC*, 952 F.3d 1356, 1364 (Fed. Cir. 2020) (quoting *Genentech*, 998 F.2d at 938).

[59] *See Elecs. For Imaging*, 394 F.3d at 1347.

[60] *See In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1311 (Fed. Cir. 2020).

[61] *See Schauss*, 757 F.2d at 654 ("A United States District Court hearing a particular case may, in its discretion, enjoin the filing of related lawsuits in other federal courts.") (citing *Kerotest*, 342 U.S. 180); *Mann*, 439 F.2d at 407 (finding that trial judge acted properly in temporarily restraining party from proceeding with a motion in that, if successful, could have stripped him of all jurisdiction over the controversy before he had the chance to hold a hearing and decide the question for himself; *see also Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1332-33 (Fed. Cir. 2004) (district court did not err in applying first-to-file rule to enjoin parallel litigation co-pending in the NDCAL); *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d

Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."[62]

## IV.   ARGUMENT

As discussed in detail below, the Mobile Gateway patents are distinct from any other patents at issue in any previously filed action involving VoIP-Pal patents.  The NDCAL has no prior familiarity with the Mobile Gateway patents.  But Defendants have nevertheless brazenly filed declaratory-judgment actions in the NDCAL to try to divert the dispute over the Mobile Gateway patents to that forum just as they tried to do for the RBR patents.

VoIP-Pal will suffer irreparable harm if one or more of Defendants are allowed to usurp VoIP-Pal's choice of forum to litigate the Mobile Gateway patents.  To avoid duplicative and wasteful parallel litigation from one or more of Defendants on the Mobile Gateway patents, the Court should grant this Application and enjoin Defendants from pursuing their second-filed-declaratory-judgment actions.

### A.   Being the Court Initially Seized of the Controversy, This Court Should Enjoin Defendants From Pursuing the Second-Filed 2021 NDCAL Actions.

#### 1.   The 2021 WDTX cases and the second-filed 2021 NDCAL actions are identical.

There can be no legitimate dispute that the 2021 WDTX cases and the 2021 NDCAL

---

Cir. 1991) (holding that courts hearing a first-filed action have the authority to enjoin "a later action embracing the same  issue"); *Northwest Airlines, Inc. v. American Airlines, Inc.*,  989 F.2d 1002, 1004 (8th Cir. 1993) (observing that the power of a federal court to "enjoin the  parties from proceeding with a later-filed action in another federal court is firmly established"); *Sp Plus Corp. v. Ipt*, NO. 16-2474, 2016 U.S. Dist. LEXIS 203154 (E.D. La. Dec. 12, 2016)  (granting plaintiff's motion  to enjoin defendant from prosecuting second-filed case);  *Bryant v.  Oxxford Express, Inc.,* 181 F. Supp. 2d 1045, 1050 (C.D. Cal. 2000).

actions involving the Mobile Gateway patents are completely duplicative.   The actions have identical parties, identical patents, and concern the same federal statutory issues: *i.e.,* patent infringement and patent validity.[63]  All of the established factors weigh in favor of applying the first-to-file rule and enjoining the prosecution of the second-filed 2021 NDCAL actions so that the controversy between the parties may proceed in the WDTX.

### 2.     Being the first-filed court, this Court should enjoin prosecution of the second-filed 2021 NDCAL actions, which were initiated to manipulate venue.

Defendants indisputably filed the 2021 NDCAL actions after VoIP-Pal filed the 2021 WDTX cases.  For this reason alone, under the first-to-file rule, Defendants should be enjoined from pursuing their second-filed actions.  Defendants filed the 2021 NDCAL actions with full knowledge of VoIP-Pal's 2021 WDTX cases in a deliberate attempt to manipulate VoIP-Pal's choice of venue.   This tactic improperly uses the declaratory-judgment statute to transmute VoIP-Pal's choice of forum into Defendants' choice of forum.[64]   The first-to-file rule does not exist to allow Defendants to forum shop by: first, creating a second-filed suit in their preferred forum after the first-filed suit had been pending; and then, seize upon an opportunity to argue that the court should disregard the first-to-file rule in favor of Defendants' preferred forum.  As the Supreme Court has held, "'[t]he [party] who is charged with infringing a patent cannot

---

[62] *See Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 948 (5th Cir. 1997) (citing *Mann*, 439 F.2d at 407 ("in the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case.").

[63] *Compare* Case No. 6:21-cv-670-ADA, Dkt. No. 1, Case No. 6:21-cv-671-ADA, Dkt. No. 7, Case No. 6:21-cv-672-ADA, Dkt. No. 1 *with* Exs. 8-10.

[64] *See Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955) ("[p]laintiffs are generally afforded the privilege of bringing an action where he chooses."); *Reactive Surfaces Ltd, LLP v. Toyota Motor Corp.*, 1:14-CV-1009-LY, 2015 U.S. Dist. LEXIS 106796, at *7-8 (W.D. Tex. Aug. 13, 2015) ("A declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction.") (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967)).

stretch  the  Federal Declaratory Judgments Act to give (it) a paramount right to choose the forum for trying out questions of infringement and validity.'"[65]  Other courts in the Fifth Circuit have rejected such attempts to stretch the declaratory-judgment statute and so should this Court.[66]

### 3.   Defendants cannot meet their burden to establish an exception to the first-to-file rule.

No compelling reason exists to apply an exception to the first-to-file rule.  The NDCAL has no prior experience with the Mobile Gateway patents.  Even if the 2021 NDCAL cases are heard by the same judge as the earlier NDCAL cases, there is no relatedness and/or similarity between the Mobile Gateway patents and the RBR patents sufficient to depart from the first-to-file rule.

Defendants allege that the RBR patents and the Mobile Gateway patents have one common inventor—Johan Emil Viktor Björsell—but conveniently neglect to mention that collectively the two patent families have *seven* inventors not in common.[67]  Consequently, the Mobile Gateway patents have a *different* specification, substantially *different* inventors, materially *different* claims, and a *different* prosecution history, as compared to the RBR family

---

[65] *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir. 1982) (quoting *Kerotest*, 342 U.S. at 185); *see also Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941) ("The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter.").

[66] *See Wapp Tech. Ltd. P'ship v. Seattle SpinCo, Inc.*, 4:18-CV-00469, 2020 U.S. Dist. LEXIS 46498, at *10-11 (E.D. Tex. Mar. 18, 2020); *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ("The Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum.") (citations and quotations omitted).

[67] *Compare* Case No. 6:21-cv-670-ADA, Dkt. Nos. 1-2, 1-3 (listing as inventors Johan Emil Viktor Björsell, Maksym Sobolyev, Pentti Kalevi Huttunen, Emil Malak) *with* Exs. 11-12 (listing as inventors Clay Perreault, Steve Nicholson, Rod Thomson, Johan Emil Viktor Björsell, Fuad Arafa).

patents.[68]  Notably, the RBR and Mobile Gateway patents are not related; therefore, Defendants never allege that the Mobile Gateway patents are part of the same family as the RBR patents because they cannot.[69]  Rather, they merely allege that the RBR patents disclose "similar subject matter" or "similar technology" as the Mobile Gateway patents.[70]  But these unsupported claims are not compelling enough to dispense with the first-to-file rule.  Indeed, a careful review of the patents shows that there are numerous fundamental differences between the RBR patents and the Mobile Gateway patents.

Specifically, the Mobile Gateway patents generally relate to channeling communications from mobile communication devices such as smartphones via a system of distributed VoIP gateways based on the device's location, to facilitate roaming in various geographical areas.[71]  A calling device receives an access code from an access server, whereby it is enabled to access communication infrastructure that has been optimally selected based on the calling device's location.[72]  Defendants make no attempt whatsoever to characterize the alleged sameness, let alone to point out any specific similarities between the RBR patents and the Mobile Gateway patents other than the abstracts of the patents, which are dissimilar anyway.[73]

Most critically, Defendants conceal the salient fact that the claims of the Mobile Gateway patents are completely different from the representative claims of the RBR patents previously considered by the NDCAL.  Apple alleges the Mobile Gateway patents share some of the same

---

[68] *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (*en banc*) (citations omitted) ("The prosecution history, which [the Federal Circuit has] designated as part of the 'intrinsic evidence,' consists of the complete record of the proceedings before the PTO and includes prior art cited during the examination of the patent.").

[69] *See* Ex. 8 at ¶ 5; Ex. 10 at ¶ 5.

[70] *See* Ex. 8 at ¶¶ 17, 20, 39, 42, 56, 62; Ex. 9 at ¶¶ 7, 21, 25, 31, 82, 96; Ex. 10 at ¶¶ 58, 60, 67, 68.

[71] *See, e.g.*, Case No. 6:21-cv-670-ADA, Dkt. Nos. 1-2, 1-3.

[72] *See, e.g., id.* at 9:21-46, 12:63-15:16, 16:18-19:28, 19:37-23:10, 30:55-31:61.

claim terms as the RBR patents.[74]   But as Exhibit 13 starkly illustrates, in eighteen detailed claim-to-claim comparisons, the differences are massive and pervasive.[75]   None of the previous claims at issue required, *e.g.*, transmitting an "access code request messages" to an "access server," seeking "access codes" associated with a "location identifier" for a mobile device, receiving an "access code reply message" from the "access server" with the "access code," and a mobile device using the "access code" to initiate a call.[76]   Conversely, the Mobile Gateway claims do not require, *e.g.*, using "attributes" of a "dialing profile" to "determine a match" with a callee identifier, "determin[ing] whether [a] second network element is the same as [a] first network element," "classifying the call" as a "public network call" or "private network call," or "producing a routing message" for a "call controller," *inter alia*.[77]

Even the NDCAL's familiarity with the RBR patents is limited.  Regarding the 2016 and 2018 cases, Judge Koh did not conduct a *Markman* hearing, issue a claim construction order, consider motions for summary judgment, consider *Daubert* motions, or conduct a trial.  Judge Koh also never considered Defendants' accused products and services or their infringement.  The same is true for the 2020 NDCAL cases.  In fact, Judge Koh has made no substantive rulings in the 2020 NDCAL cases and the remaining actions filed by Apple and AT&T are pending dismissal.  Even if the Mobile Gateway and the RBR patents were in the same patent family, which they are not, other district courts have consistently rejected attempts to override the first-to-file rule based on second-filed-declaratory-judgment actions involving continuation patents.[78]

---

[73] *See* Ex. 8 at ¶ 5.

[74] *See* Ex. 9 at ¶¶ 75, 90.

[75] *See* Ex. 13.

[76] *See* Case No. 6:21-cv-670-ADA, Dkt. Nos. 1-2, 1-3 at claims.

[77] *Id.*

[78] *See, e.g.*, *Sefac USA, Inc. v. Gray Manufacturing Company, Inc.*, No. 19-5375, 2020 U.S. Dist. LEXIS 143491, at *1, n.1 (E.D. Pa. 2020); *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F.

In short, Defendants cannot rely on the NDCAL's alleged familiarity with the RBR patents in hope for a reprise of the same tactics that they used to derail the 2020 WDTX cases. This Court should not indulge Defendants by allowing them to manipulate VoIP-Pal's choice of venue a second time.   The facts simply do not support an exception compelling enough to set aside the first-to-file rule and Defendants should be enjoined from pursuing their second-filed-declaratory-judgment actions.

## B.      The Court Should Immediately Enjoin Defendants From Proceeding With the Second-Filed 2021 NDCAL Actions.

Absent a temporary restraining order and an injunction, VoIP-Pal will suffer irreparable harm by being denied its choice of venue to litigate the Mobile Gateway patents in this District and by being forced to defend against duplicative litigation in the NDCAL.[79]   Such duplicative proceedings subject VoIP-Pal to added litigation costs, and the risk of inconsistent procedures, analysis, and decisions on its patent claims.[80]   If the second-filed 2021 NDCAL actions are allowed to proceed, then VoIP-Pal would be required to answer or otherwise respond to declaratory-judgment complaints involving issues identical to those pending in this Court.   VoIP-Pal's response in the Apple declaratory-judgment action is due by August 30, 2021.[81]   VoIP-Pal's response in the AT&T and Verizon declaratory-judgement actions is due by September 7, 2021.[82]   As such, if these actions continue, then VoIP-Pal would incur the unnecessary burden, distraction, and costs  related to the duplicative proceedings, with the end result of wasting judicial resources.   Accordingly, the Court should temporarily restrain Defendants from pursuing

---

Supp. 2d 376, 384 (D. Del. 2012); *Abbott Laboratories v. Johnson and Johnson, Inc.*, 524 F. Supp. 2d 553, 558 (D. Del. 2007), *aff'd*, 297 F. App'x 966 (Fed. Cir. 2008).
[79] *See* Declaration of Kevin Williams at ¶6.
[80] *Id.*
[81] *See* Ex. 15.
[82] *See* Exs. 14, 16.

or prosecuting their second-filed 2021 NDCAL actions in order to maintain the status quo until the Court determines whether Defendants should be enjoined.  Alternatively, the Court should determine that it will hear these actions and that the second-filed 2021 NDCAL actions should either be dismissed, stayed, or transferred and consolidated with the instant cases.[83]

## V.    CONCLUSION

In conclusion, VoIP-Pal respectfully requests that the Court enter a temporary restraining order to preserve the status quo and grant VoIP-Pal's motion for a preliminary injunction enjoining Defendants from prosecuting their second-filed and wholly duplicative actions in the NDCAL until such time as the instant cases are fully and finally resolved. Alternatively, the Court should determine that it is the first-filed court and require Defendants to voluntarily dismiss, stay, or consent to transfer their second filed declaratory-judgment actions to this Court so that they can be consolidated with the instant cases.

Dated: July 19, 2021                              Respectfully submitted,


By: /s/Lewis E. Hudnell, III
Lewis E. Hudnell, III
lewis@hudnelllaw.com
Nicolas S. Gikkas
nick@gikkaslaw.com
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034

---

[83] *See Save Power*, 121 F.3d at 948.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 19, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

/s/*Lewis E. Hudnell, III*

**CERTIFICATE OF CONFERENCE**

Under Local Rule CV-7(i), counsel for VoIP-Pal.com, Inc. has conferred with counsel for defendants Apple, Inc., AT&T Services, Inc., AT&T Corporation, AT&T Mobility LLC, Verizon Communications, Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services, Corp., and Verizon Business Network Services, Inc. in a good-faith effort to resolve the matter presented by this Motion.  Counsel for Defendants oppose the instant Motion and did not agree that their prosecution of declaratory-judgment actions in the Northern District of California should be enjoined.

/s/*Lewis E. Hudnell, III*