IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., <br><br> Plaintiff <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 6:21-cv-00670-ADA |
| VOIP-PAL.COM, INC., <br><br> Plaintiff <br><br> v. <br><br> AT&T CORP., AT&T SERVICES, INC., and AT&T MOBILITY LLC, <br><br> Defendants | CASE NO. 6:21-cv-00671-ADA |
| VOIP-PAL.COM, INC., <br><br> Plaintiff <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC.; CELLCO PARTNERSHIP dba VERIZON WIRELESS; VERIZON SERVICES, CORP.; and VERIZON BUSINESS NETWORK SERVICES, INC., <br><br> Defendants | CASE NO. 6:21-cv-00672-ADA |

**COMBINED OPPOSITION OF APPLE, AT&T, AND VERIZON TO
VOIP-PAL'S CONSOLIDATED APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND MOTION FOR PRELIMINARY
INJUNCTION**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   RELEVANT FACTUAL BACKGROUND.......................................................... 2

    A.    Wave 1: VoIP-Pal's First Round of Cases Against AT&T, Apple, Twitter, and Verizon ("The 2016 Cases") ............................................... 3

    B.    Wave 2: VoIP-Pal's Second Round of Cases Against Apple and Amazon ("The 2018 Cases").................................................................... 4

    C.    Wave 3: VoIP-Pal's First Round of Cases in the Western District of Texas and Defendants' Declaratory Judgment Suits in California ................................ 4

    D.    Wave 4: VoIP-Pal's Second Round of Cases in the Western District of Texas and Defendants' Declaratory Judgment Suits in California........................ 6

    E.    The Substantial Overlap Between the 2020 Cases and the 2021 Cases ................ 7

III.   ARGUMENT ..................................................................................................... 11

    A.    VoIP-Pal Does Not Meet The High Burden Required To Obtain Either A Temporary Restraining Order Or Preliminary Injunction. ................................... 11

    B.    Just As It Did In The 2020 Cases, The Court Should Stay These Cases Pursuant To Its Discretion Under The First-To-File Rule. ................................... 14

          1.    The First-To-File Rule Is Intended to Promote Judicial Economy, And Is Therefore Not Mechanically Applied. .......................................... 14

          2.    An Exception To The First-To-File Rule Is Warranted Based On The Substantial Similarities Between These Cases And The Cases Already Pending Before Judge Koh. ......................................................... 16

          3.    Just Like It Did In The 2020 Cases, The Court Should Stay These Actions And Permit Judge Koh To Consider The Relationship Of The Cases. ........................................................................................ 19

IV.   CONCLUSION................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alacritech, Inc. v. CenturyLink, Inc.*,
   2017 WL 4231459 (E.D. Tex. 2017) .................................................................20

*Apple Inc. v. VoIP-Pal.com, Inc.*,
   Case No. 5:20-cv-2460 (N.D. Cal.) .................................................................16

*AT&T Corp. et al. v. VoIP-Pal.com, Inc.*,
   Case No. 5:20-cv-2995 (N.D. Cal.) .................................................................16

*Braddick v. Acosta*,
   2019 WL 201845 (N.D. Tex. Jan. 15, 2019) ..............................................11, 12

*Candid Care Co. v. SmileDirectClub, LLC*,
   No. 20-1764-CFC (D. Del. July 30, 2021) ......................................................15

*Clark v. Prichard*,
   812 F.2d 991 (5th Cir. 1987) ..................................................................11, 12

*DynaEnergetics Eur. GmbH v. Hunting Titan, Inc.*,
   No. 6:20-cv-00069-ADA, 2020 U.S. Dist. LEXIS 105241 (W.D. Tex. June 16, 2020) .........15

*Elecs. for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005)..............................................................15, 16

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993), abrogated on other grounds, *Wilton v. Seven Falls Co.*, 515
   U.S. 277 (1995)...............................................................................14, 15

*Howell v. Lake No. 2 Homeowners Ass'n*,
   2019 WL 95472 (E.D. La. Jan. 3, 2019).........................................................11

*Humana, Inc. v. Jacobson*,
   804 F.2d 1390 (5th Cir.1986) .................................................................13

*Illinois Tool Works, Inc. v. Grip-Pak, Inc.*,
   906 F.2d 679 (Fed. Cir. 1990)................................................................12

*In re Voip-Pal.Com, Inc.*,
   845 F. App'x 940 (Fed. Cir. 2021) ............................................................14

*Intel Corp. v. ULSI System Technology, Inc.*,
   995 F.2d 1566 (Fed. Cir. 1993), *reh'g denied* (Aug. 26, 1993)..............................12

*Interactive Life Forms, LLC v. Weng*,
    A-12-CA-1182-SS, 2013 WL 12116329 (W.D. Tex. Jan. 15, 2013) .....................................12

*Lake Charles Diesel, Inc. v. Gen Motors Corp.*,
    328 F.3d 192 (5th Cir. 2003) .....................................................................................................13

*Lighthouse Consulting Group, LLC v. Ally Financial Inc. et al.*,
    Case No. 6:19-cv-592, D.I. 27 (Mar. 25, 2020)..............................................................19, 20

*Merial Ltd. v. Cipla Ltd.*,
    681 F.3d 1283 (Fed. Cir. 2012)...........................................................................................14, 15

*Miss. Power & Light Co. v. United Gas Pipe Line Co.*,
    760 F.2d 618 (5th Cir. 1985) .....................................................................................................13

*Nutrition 21 v. U.S.*,
    930 F.2d 867 (Fed. Cir. 1991) ...................................................................................................12

*Parus Holdings Inc. v. LG Elecs. Inc.*,
    6:19-CV-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020) (J. Albright).............13

*PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*,
    418 F.3d 535 (5th Cir. 2005) ...............................................................................................12, 13

*Sirius Computer Sols., Inc. v. Sparks*,
    138 F. Supp.3d 821 (W.D. Tex. 10/05/15) ...............................................................................13

*Smart v. Sunshine Potato Flakes, L.L.C.*,
    307 F.3d 684 (8th Cir. 2002) .....................................................................................................11

*Tex. Midstream Gas Serv., LLC v. City of Grand Prairie*,
    608 F.3d 200 (5th Cir. 2010) .....................................................................................................12

*Univ. of Tex. v. Camenisch*,
    451 U.S. 390 (1981)...................................................................................................................13

*USC IP P'ship, L.P. v. Facebook, Inc.*,
    6-20-CV-00555-ADA, 2021 WL 860007 (W.D. Tex. Mar. 8, 2021)......................................13

*Winter v. Natural Resources Defense Council, Inc.*,
    555 U.S. 7 (2008).......................................................................................................................12

## STATUTES

35 U.S.C. § 101..................................................................................................................................3, 4

## I.      INTRODUCTION[1]

These cases are the latest in a series of lawsuits dating back to 2016 between Plaintiff VoIP-Pal and Defendants Apple, AT&T, and Verizon.  The Honorable Lucy H. Koh in the Northern District of California ("NDCA") has presided over seven of those cases involving these same parties, the same accused products, and the same technology and has written opinions totaling over 100 pages on substantive issues in those cases.

As the Court may recall, in 2020, VoIP-Pal filed another set of lawsuits against Apple, AT&T, and Verizon in this Court, prompting those parties to file declaratory judgment cases in the NDCA.  This Court stayed the 2020 cases to await Judge Koh's guidance on the relationship between the declaratory judgment cases and the earlier actions in her Court.  Judge Koh confirmed that the cases were related, that an exception to the first-to-file rule was warranted, and that the declaratory judgment cases should move forward in the NDCA.  On mandamus review, the Federal Circuit affirmed that decision, and VoIP-Pal dismissed its lawsuits in this Court shortly thereafter.

VoIP-Pal's latest wave of cases presents this Court with essentially the same situation.  Once again, significant party, witness, inventor, document, and technology overlap exists between these cases and the cases previously and currently before Judge Koh.  For those reasons, Apple, AT&T, and Verizon have filed declaratory judgment actions, and the parties have again asked Judge Koh to determine whether the declaratory judgment actions are related to the previous actions in which that Court has developed years of relevant experience.  The parties' motion before Judge Koh is fully briefed and is pending.

But rather than allowing the Courts to work together (as they did in 2020), VoIP-Pal now seeks the extraordinary remedies of a temporary restraining order ("TRO") and preliminary

---

[1]      Apple, AT&T, and Verizon are filing identical response briefs in each of their respective cases.

injunction under the guise of the first-to-file rule.  VoIP-Pal's motion frustrates the purpose and operation of the first-to-file rule.  The first-to-file rule is a doctrine of federal comity—not a tool to silence a sister Court, as VoIP-Pal seeks.  And VoIP-Pal does not establish any plausible, irreparable harm, likelihood of success on the merits, or a single policy justification for enjoining another District Court from weighing in on the relationship between cases.

The Court should therefore deny VoIP-Pal's application for TRO and preliminary injunction.  Instead, the Court should do what it did in 2020: stay these cases until Judge Koh has an opportunity to determine whether these new cases are sufficiently related to the cases she has presided over for three years and whether Judge Koh will retain jurisdiction over the new cases.

## II.     RELEVANT FACTUAL BACKGROUND

VoIP-Pal's business is monetizing its patent portfolio.  All of the patents in that portfolio relate to purported "improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet-protocol-based communication systems and other networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including providing access to and routing through internet-protocol-based communication systems." *See* Plaintiff VoIP-Pal.com, Inc.'s Consolidated Application for Temporary Restraining Order and Motion [for] Preliminary Injunction ("Motion"): *VoIP-Pal.com, Inc.* v. *Apple Inc.*, Case No. 6:21-cv-670-ADA, ECF No. 14 at 3; *VoIP-Pal.com, Inc.* v. *AT&T Corp., et al.*, Case No. 6:21-cv-671-ADA, ECF No. 20 at 3; *VoIP-Pal.com, Inc.* v. *Verizon Communications, Inc., et al.*, Case No. 6:21-cv-672-ADA, ECF No. 18 at 3.  As explained below, VoIP-Pal has litigated repeatedly (and unsuccessfully) against Apple, AT&T, Verizon, and others.

2

A.     **Wave 1: VoIP-Pal's First Round of Cases Against AT&T, Apple, Twitter, and Verizon ("The 2016 Cases")**

In 2016, VoIP-Pal filed four lawsuits in the District of Nevada against AT&T, Verizon, Apple, and Twitter ("the 2016 Cases").  In each case, VoIP-Pal asserted two patents.  The Nevada court transferred the *Twitter* action to the NDCA for improper venue, *see* Exhibit A, Declaration of Roger Fulghum, Ex. 1, and VoIP-Pal thereafter agreed to transfer the remaining actions to the NDCA, where all four actions were assigned to Judge Koh.  *Id*., Exs. 2A-2C.  Although VoIP-Pal asserts in its motion that it "had no choice" and was "forced" to transfer the remaining cases to the NDCA, Motion at 4-5, that assertion is false. To the contrary, VoIP-Pal voluntarily agreed to transfer its earlier cases against Defendants Apple, AT&T, and Verizon from Nevada to the NDCA, agreeing in a signed stipulation that "[t]he convenience of the parties and witnesses favors transfer to the Northern District of California." Fulghum, Ex. 2A-2D.

Judge Koh managed the 2016 Cases as a group.  In the 2016 Cases, the parties exchanged discovery, including infringement and invalidity contentions. *See, e.g*., Fulghum, Ex. 3 (infringement contentions directed to AT&T); Ex. 4 (joint consolidated invalidity contentions). During a case management conference in November 2018, VoIP-Pal stated that it did not intend to file any additional claims against the defendants.  Fulghum, Ex. 5 at 10.  The defendants in the 2016 Cases filed a consolidated motion to dismiss VoIP-Pal's claims as invalid for lack of patentable subject matter under 35 U.S.C. § 101.  Fulghum, Ex. 6.  In March 2019, Judge Koh granted the motion, entered final judgment, and issued a 44-page opinion that included an extensive analysis of the complex procedural histories of the litigations, the related Patent Office proceedings, the parties' positions on the representative nature of certain claims, the applicability of factual allegations contained in VoIP-Pal's complaints, and the language of the asserted claims. Fulghum, Ex. 7 (order granting consolidated motions to dismiss); Exs. 8A-8D (orders entering

final judgment).  VoIP-Pal appealed, and, in March 2020, the Federal Circuit affirmed Judge Koh's dismissal.  Fulghum, Ex. 9 (Federal Circuit Judgment). A few weeks later, VoIP-Pal issued a press release announcing that VoIP-Pal was "assessing their options and planning their next moves." Fulghum, Ex. 10 (Press Release).  In the press release, VoIP-Pal's CEO promised "I can tell you; we are not finished."  *Id.*

**B.     Wave 2: VoIP-Pal's Second Round of Cases Against Apple and Amazon ("The 2018 Cases")**

In 2018, VoIP-Pal filed two more lawsuits against Apple and Amazon in the District of Nevada ("the 2018 Cases").  In the 2018 Cases, VoIP-Pal asserted four new patents.  Again, VoIP-Pal agreed to transfer the 2018 Cases to the NDCA.  Fulghum, Exs. 2D & 2E (Stipulations as to Dismissal).  Judge Koh issued orders deeming the 2018 Cases related to the 2016 Cases. Fulghum, Ex. 11 (Order Relating and Consolidating Cases).  As with the 2016 Cases, Judge Koh was heavily involved in managing the 2018 Cases. The parties exchanged infringement and invalidity contentions and claim construction disclosures.

Apple and Amazon moved to dismiss under Section 101. Fulghum, Ex. 12 (Consolidated Motion to Dismiss).  In November 2019, Judge Koh granted the motion and issued a 68-page opinion.  Fulghum, Ex. 13 (Order Granting Consolidated Motion to Dismiss).  As in the 2016 Cases, Judge Koh's order included an extensive analysis of the claims, specification, prosecution history, related Patent Office proceedings, and the parties' patent-eligibility arguments.  *See generally id*.  VoIP-Pal appealed.  In November 2020, the Federal Circuit affirmed Judge Koh's dismissal.  Fulghum, Ex. 15.

**C.     Wave 3: VoIP-Pal's First Round of Cases in the Western District of Texas and Defendants' Declaratory Judgment Suits in California**

True to its "we are not finished" promise and contrary to its statements to Judge Koh, VoIP-Pal filed six lawsuits in this Court in April 2020 (hereinafter "the 2020 Texas Cases"),

asserting yet another VoIP-Pal patent.  Despite Judge Koh's experience with VoIP-Pal's patent portfolio and the accused products, VoIP-Pal filed the 2020 Texas Cases in this Court to establish a new round of litigation outside of the NDCA.[2]  Soon after VoIP-Pal initiated the cases in this Court, each of Twitter, Apple, AT&T, and Verizon filed declaratory judgment actions in the NDCA to assert claims of noninfringement and challenge the validity of the '606 patent.  A summary of those actions (hereinafter "the 2020 California Cases") is below:

| Plaintiffs in the Northern District of California | Date Filed | VoIP-Pal Patents | Civil Action No. |
|---|---|---|---|
| Twitter, Inc. (still pending) | April 8, 2020 | '606 | 5:20-cv-2397 |
| Apple Inc. (still pending) | April 10, 2020 | '606 and '872 | 5:20-cv-2460 |
| AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC (still pending) | April 30, 2020 | '606 | 5:20-cv-2995 |
| Cellco Partnership d/b/a Verizon Wireless (dismissed and no longer pending) | May 5, 2020 | '606 | 5:20-cv-3092 |

After motion practice and a hearing, this Court stayed the 2020 Texas Cases to provide Judge Koh with an opportunity to determine whether to retain the 2020 California Cases.  Judge Koh did retain the 2020 California Cases.  Judge Koh ruled that the 2020 California Cases were related to the 2016 Cases, holding, for example, that "the AT&T declaratory judgment action is related to [the 2016 Case involving VoIP-Pal and AT&T]."  Fulghum, Ex. 16 (Order Relating Cases).  VoIP-Pal then moved to dismiss the 2020 California Cases on first-to-file and other grounds, which Judge Koh denied, ruling that "circumstances suggest that [VoIP-Pal] may be

---

[2]    To this point, on May 1, 2020, a VoIP-Pal investor sent a letter to the Chief Judge of the Northern District of California to complain about Judge Koh and ask the Chief Judge to remove Judge Koh from all cases involving VoIP-Pal. Fulghum, Ex. 35 (Letter).  The Chief Judge of the Northern District of California has not acted on VoIP-Pal's request.

forum shopping, attempting to avoid this Court's unfavorable decisions by filing in another district" and "[VoIP-Pal] has engaged in an affirmative act related to the enforcement of its patent rights based on [VoIP-Pal's] extensive history of litigation against Apple for infringement of related patents and [VoIP-Pal's] statement that [it] would continue to litigate until [it] achieved monetization for [its] shareholders."  Fulghum, Ex. 17 (Order Denying Consolidated Motion to Dismiss).  VoIP-Pal filed a mandamus petition challenging Judge Koh's order and impugning her impartiality.  In March 2021, the Federal Circuit denied VoIP-Pal's petition, holding that Judge Koh's "conclusion that it would be far less efficient for the Western District of Texas to resolve these cases based on the Northern District of California's familiarity with the overlapping issues is particularly well supported."  Fulghum, Ex. 19 (Federal Circuit Order Denying Writ of Mandamus.)

Rather than proceed in Judge Koh's court, VoIP-Pal dismissed the 2020 Texas Cases against Apple, AT&T, and Verizon in this Court; granted each of Apple, AT&T, and Verizon a (limited) covenant not to sue on the asserted patent; and then filed motions to dismiss in Judge Koh's court premised on the covenant not to sue.  Apple and AT&T have opposed VoIP-Pal's motion to dismiss, and the 2020 California Cases involving Apple and AT&T are still pending before Judge Koh.  Thus, rather than proceed against Apple, AT&T, and Verizon in the forum that this Court, Judge Koh, and the Federal Circuit determined was proper, VoIP-Pal unilaterally ended its suit against Apple, AT&T, and Verizon on its asserted patent.  This was the state of affairs until June 25, 2021.

**D.** **Wave 4: VoIP-Pal's Second Round of Cases in the Western District of Texas and Defendants' Declaratory Judgment Suits in California**

On June 25, 2021, VoIP-Pal filed seven new lawsuits in this Court (hereinafter "the 2021 Texas Cases"), asserting two additional patents against: Facebook (6:21-cv-00665), Google (6:21-

cv-00667), Amazon (6:21-cv-00668), Apple (6:21-cv-00670), AT&T (6:21-cv-00671), Verizon (6:21-cv-00672), and T-Mobile (6:21-cv-00674).  VoIP-Pal is now recycling its unsuccessful strategy of filing lawsuits in this Court to avoid proceeding in front of Judge Koh and despite the Federal Circuit's guidance that it would be far less efficient for another court to resolve overlapping issues.  Soon after VoIP-Pal initiated the cases in this Court, each of Apple, AT&T, and Verizon filed declaratory judgment actions in the NDCA to assert claims of noninfringement and challenge the validity of the two patents asserted in the 2021 Texas Cases.  A summary of those actions (hereinafter "the 2021 California Cases") is below:

| Plaintiffs in the Northern District of California | Date Filed | Civil Action No. |
|---|---|---|
| Apple Inc. | July 2, 2021 | 3:21-cv-05110 |
| AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC | June 30, 2021 | 3:21-cv-05078 |
| Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., and Verizon Business Network Services LLC | July 8, 2021 | 5:21-cv-05275 |

**E.    The Substantial Overlap Between the 2020 Cases and the 2021 Cases**

Although the '234 and '721 patents nominally at issue in the 2021 Texas Cases and the 2021 California Cases stem from a different patent family than the patents in the 2016, 2018, and 2020 Cases, all of the patents include an overlapping inventor and relate to the same subject matter: call routing functionality based on callee identifiers.  For example, VoIP-Pal admits in its motion that its technology, including the '234 and '721 patents, "facilitate communications across and between internet-protocol-based communication systems and other networks, such as internally controlled systems and external networks (*e.g.,* across private networks and between private networks and public networks), including providing access to and routing through internet-

protocol-based communication systems."  Motion at 3 (color emphasis added).  Likewise, VoIP-Pal has alleged that the patents at issue in the 2016, 2018, and 2020 Cases relate to "methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including the classification and routing thereof."  Fulghum, Ex. 20 at ¶ 15 (2020 Texas Complaint) (color emphasis added).  VoIP-Pal also admits that its "intellectual property value is derived from . . . five parent patents, one of which is foundational [the '815 patent] and the others [including the '234 patent] build upon the former."  Fulghum, Ex. 21 at 4 (Form 10-K Filing).

The '234 and '721 patents have an overlapping inventor (Johan Emil Viktor Björsell) with all of VoIP-Pal's previously asserted patents.  And, according to VoIP-Pal, the '234 and '721 patents represent the same improvements as the seven previously asserted patents, using nearly verbatim language.  For example, VoIP-Pal claimed that each of its prior patents:

- **2018 Cases**: represented "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communication between internet protocol based systems and networks, such as internally controlled systems and external networks (e.g., between private networks and public networks), including the classification and routing thereof."  (Fulghum, Ex. 23 at 4 (First Amended Complaint  in 2018 Apple Action).)

- **2020 Texas Cases**: represented "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including the classification and routing thereof."  (Fulghum, Ex. 24 (First Amended Complaint in 2020 Texas Apple Action).)

- **2020 Apple California Case**: represented "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including the

classification and routing thereof."  (Fulghum, Ex. 31A (Answer to Amended Complaint in 2020 California Apple Action).)

- **2021 Texas Cases**: represent "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and other networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks), including providing access to and routing through internet protocol based communication systems." (Fulghum, Ex. 30A (2021 Texas Apple Action, Complaint).)

Moreover, VoIP-Pal has always accused the same technology of infringing each of the asserted patents for each defendant.  The table below reflects the accused technology as set out in each complaint:

| 2016 case | 2018 case | 2020 Cases | 2021 Texas case |
|---|---|---|---|
| AT&T Wi-Fi Calling | AT&T Wi-Fi Calling | AT&T Wi-Fi Calling | AT&T's "Voice over WiFi or VoWiFi" |
| Apple's FaceTime and Messages applications | Apple's FaceTime and Messages applications | Apple's FaceTime and Messages applications | Apple's FaceTime and Messages applications |
| Verizon Wi-Fi Calling | Verizon Wi-Fi Calling | Verizon Wi-Fi Calling | Verizon "Voice over WiFi or VoWiFi" |

Because of the substantial similarity across these four sets of cases (2016, 2018, 2020, and 2021 California), each of Apple, AT&T, and Verizon have moved to relate the 2021 California Cases to the 2020 California Cases and to reassign the 2021 California cases to Judge Koh, who is currently presiding over the 2020 California Cases.  Apple, AT&T, and Verizon argued in their respective motions to relate that there would be substantial duplication of effort and expense and risk of conflicting decisions (regarding, for example, claim construction and patent eligibility) if the 2021 California Cases were conducted before another judge.  Those motions are pending before Judge Koh.  As such, Judge Koh will determine in the first instance if the 2021 California Cases are related to the 2020 California Cases.

Moreover, Judge Koh is in the process of construing a set of claim terms that overlap across the patents.   In the 2020 California Cases, the parties recently submitted their joint claim construction and prehearing statement.   Fulghum, Ex. 28 (Joint Claim Construction Statement). Judge Koh will construe at least three terms that appear in the claims of the patents in these cases: (a) "routing controller"; (b) "at least one processor"; and (c) "communication."  The claim terms and the appearance of the claim terms in the patents is set out in the table below:

| Terms from Patents That Judge Koh Has Been Asked to Construe in the 2020 California Cases | Overlapping Terms in the Patents in the 2021 Texas and 2021 California Cases |
|---|---|
| "routing controller"<br><br>'606 Patent, claims 8, 31, 33, 34, 40, 43, 44, 46. '872 Patent, claims 28, 29 | "routing controller"<br><br>'721 Patent, claims 15, 16, 34, 49, 51, 56, 57, 77, 82, 83, 84, 85, 90, 92-98, 103, 108-111, 116-124, 129, 134. '234 Patent, claims 9, 10, 19, 28, 32, 48, 62, 64, 78 |
| "at least one processor"<br><br>'606 Patent, claims 1, 3, 4, 6, 7, 14, 16, 17, 19, 21- 23, 25- 30, 34- 46, 48, 49. '872 Patent, claims 1, 4, 6, 7, 11- 15, 17, 20, 30 | "at least one processor"<br><br>'721 Patent, claims 38, 103 |
| "communication"<br><br>'606 Patent, claims 1, 3-6, 8, 11, 12, 14, 17-19, 20, 22, 25, 26, 28, 32-34, 40, 41-46, 48 | "communication"<br><br>'721 Patent, claims 1, 16, 20, 38, 48, 49-51, 56, 63-66, 68, 72, 77, 89, 90-92, 94, 98, 103, 115-118, 120, 124, 129, 130, 133, 134, 138-140. '234 Patent, claims 20, 28, 39, 44, 55, 62, 71, 76 |

In the 2020 California Cases, opening claim construction briefs are due on September 14, 2021, and the claim construction hearing before Judge Koh is set for October 28, 2021.

III.    **ARGUMENT**

A.    **VoIP-Pal Does Not Meet The High Burden Required To Obtain Either A Temporary Restraining Order Or Preliminary Injunction.**

VoIP-Pal's motion rests on the false premise that the first-filed rule authorizes this Court to grant a temporary restraining order and preliminary injunction. *See* Motion at 11 ("As the first-filed court, this Court has the authority to temporarily restrain and to preliminarily enjoin defendants' second-filed-declaratory judgment actions."). But, as in 2020, the mere fact that the 2021 declaratory judgment actions were filed in the Northern District of California just days after the cases pending in this Court were filed is not dispositive of whether injunctive relief is proper here. *See Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687 (8th Cir. 2002) (explaining that the "first-filed is not a 'rule;'" rather, "[i]t is a factor that determines, ***in the absence of compelling circumstances***, which of two concurrent federal court actions should proceed to judgment") (emphasis added) (internal quotations omitted).  Nor does it provide any basis for this Court to disregard and forego consideration of the factors relevant to temporary restraining orders and preliminary injunctions.

To the contrary, both Federal Circuit and Fifth Circuit law require far more than simply determining which case was filed first to obtain the relief VoIP-Pal seeks here. The standard for obtaining a TRO in the Fifth Circuit is the same as for obtaining a preliminary injunction. *See Braddick v. Acosta*, 2019 WL 201845, at *2 (N.D. Tex. Jan. 15, 2019) (identifying the "four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order") (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)); *accord, Howell v. Lake No. 2 Homeowners Ass'n*, 2019 WL 95472, at *2 (E.D. La. Jan. 3, 2019).  The Federal Circuit and the Fifth Circuit follow the traditional four-part test requiring that the movant show the following:

(1) a substantial likelihood of success on the merits;

11

(2) a substantial threat of irreparable injury if the injunction is not issued;

(3) the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and

(4) the grant of an injunction will not disserve the public interest.[3]

*See Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7 (2008); *accord Interactive Life Forms, LLC v. Weng*, A-12-CA-1182-SS, 2013 WL 12116329, at *1 (W.D. Tex. Jan. 15, 2013); *Tex. Midstream Gas Serv., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010).

Because restraining orders and preliminary injunctions are extraordinary remedies, the movant must "clearly carr[y] the burden of persuasion" on each of the relevant considerations detailed below.  *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotes omitted); *see also Clark*, 812 F.2d at 993 ("The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted."); *Braddick*, 2019 WL 201845, at *2 (explaining that "if a party fails to meet any of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction"). Indeed, the Federal Circuit has cautioned that the injunctive relief VoIP-Pal is seeking is a "drastic and extraordinary remedy, ***not*** to be granted routinely." *Intel Corp. v. ULSI System Technology, Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) (emphasis added), *reh'g denied* (Aug. 26, 1993) (citing *Nutrition 21 v. U.S.*, 930 F.2d 867, 869 (Fed. Cir. 1991)); *Illinois Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 683 (Fed. Cir. 1990).  And despite VoIP-Pal's suggestion that this Court may simply disregard the considerations

---

[3]     Although VoIP-Pal cites to a single case from the Northern District of Texas from 1989 for the suggestion that, in the first-to-file context, "the customary rules governing the grant of injunctive relief are of secondary significance" (Motion at 9-10, n.49 (internal quotations omitted)), VoIP-Pal has identified no law in the Fifth Circuit or elsewhere that provides that the traditional four-part test for injunctive relief does not apply in the first-to-file context.

of the four-part test, the Fifth Circuit has in fact "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transp.,* 418 F.3d at 545 (5th Cir. 2005) (citing *Lake Charles Diesel, Inc. v. Gen Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003) and quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

VoIP-Pal's Motion fails to point to any injury that is likely or irreparable.  That alone is fatal because a "plaintiff must be threatened with irreparable injury for a court to issue a preliminary injunction." *Sirius Computer Sols., Inc. v. Sparks*, 138 F. Supp.3d 821, 840-41 (W.D. Tex. Oct. 5, 2015) (citing *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 392 (1981)).  To show threat of irreparable injury, a plaintiff must demonstrate that "a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." *Id.* (citing *Humana, Inc. v. Jacobson,* 804 F.2d 1390, 1394 (5th Cir.1986)).

VoIP-Pal makes conclusory claims that, absent a TRO and injunction, it will suffer irreparable harm because it will be denied its choice of venue and burdened with having to participate in the Northern District of California cases.  *See* Motion at 16; Plaintiff's Ex. 18 to Motion ("Williamson Decl. in Support of Motion").  However, this Court has already made clear that litigating a case in another venue should not be given "inordinate weight." *Parus Holdings Inc. v. LG Elecs. Inc.*, 6:19-cv-00432-ADA, 2020 WL 4905809, at *2 (W.D. Tex. Aug. 20, 2020) (J. Albright) (explaining that "courts must not give inordinate weight to a plaintiff's choice of venue"); *see also USC IP P'ship, L.P. v. Facebook, Inc*., 6:20-cv-00555-ADA, 2021 WL 860007, at *2 (W.D. Tex. Mar. 8, 2021) ("The plaintiff's choice of venue is not absolute."). Thus, the only alleged "injury" VoIP-Pal mentions in its Motion can hardly be considered irreparable, and

VoIP-Pal has failed to establish the critical "irreparable injury" factor required to show that it is entitled to the injunctive relief it seeks.

Likewise, VoIP-Pal fails to address—much less establish—the remaining three considerations required to obtain a TRO or preliminary injunction. *See* Motion at 17-18. VoIP-Pal makes no attempt to show that it is substantially likely to win on the merits. *See id.* Nor does it try to explain how any supposed injury could outweigh the potential harms of granting an injunction. *See id.* Similarly, nowhere in its Motion does VoIP-Pal identify a single, relevant policy justification for silencing the NDCA before that Court can weigh in the relationship between these cases. *See id.*

VoIP-Pal's Motion does not come close to demonstrating that even one of the relevant considerations weighs in favor of granting a TRO or preliminary injunction. And VoIP-Pal's wholesale reliance on the first-to-file rule and alleged distinctions between Federal Circuit and Fifth Circuit law—distinctions that either do not exist or wholly lack merit—do not suffice. VoIP-Pal's motion should be denied.

### B.   Just As It Did In The 2020 Cases, The Court Should Stay These Cases Pursuant To Its Discretion Under The First-To-File Rule.

#### 1.   The First-To-File Rule Is Intended to Promote Judicial Economy, And Is Therefore Not Mechanically Applied.

"The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). "The question of whether to decline jurisdiction over a declaratory judgment action under the first-to-file rule is governed by Federal Circuit law." *In re Voip-Pal.Com, Inc.*, 845 F. App'x 940, 942 (Fed. Cir. 2021). The doctrine generally favors pursuing the first-filed action, but "the rule is not rigidly or mechanically applied." *Id.* Indeed, exceptions are "not rare, and are made when justice or expediency requires, as in any issue of choice of forum." *Genentech, Inc. v.*

*Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), abrogated on other grounds, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995).  Such exceptions are warranted when "sound reason[s] that would make it unjust or inefficient to continue the first-filed action."  *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).  In analyzing whether to apply an exception to the first-to-file rule, district courts are afforded "an ample degree of discretion, appropriate for disciplined and experienced judges."  *Merial*, 681 F.3d at 1299 (quoting *Kerotest*, 342 U.S. at 183-84).  In evaluating the first-to-file rule, the Court should consider the "possibility of consolidation with related litigation."  *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993); *DynaEnergetics Eur. GmbH v. Hunting Titan, Inc.*, No. 6:20-cv-00069-ADA, 2020 U.S. Dist. LEXIS 105241, at *28 (W.D. Tex. June 16, 2020).

Here, VoIP-Pal's allegation that Defendants are forum shopping ignores the prior history of litigation between the parties.  These cases are just another round of litigation related to the currently-pending 2020 California Cases, the 2016 Cases, and the 2018 Cases.  As noted above, these cases involve the same parties, the same accused technologies, and similar patents alleging the same improvements in the same technological space.  *See supra* Section II.E.  The cases VoIP-Pal cites regarding forum shopping (Motion at nos. 64-66) are inapposite because none address the first-to-file rule in a scenario like this case where the plaintiff has filed three rounds of separate litigations against the Defendants and all prior substantive litigation has occurred before the same judge in the NDCA.  VoIP-Pal is forum shopping and attempting to manipulate venue, not the Defendants. *Candid Care Co. v. SmileDirectClub, LLC*, No. 20-1764-CFC (D. Del. July 30, 2021) ("[L]itigation gamesmanship should not be rewarded with a rigid application of the first-to-file rule").

2.    **An Exception To The First-To-File Rule Is Warranted Based On The Substantial Similarities Between These Cases And The Cases Already Pending Before Judge Koh.**

Exceptions to the first-to-file rule are warranted when "sound reason [exists] that would make it unjust or inefficient to continue the first-filed action." *Elecs. For Imaging,* 394 F.3d at 1347. Here, a sound reason to apply an exception to the first-to-file rule exists based on the substantial similarities between the issues raised in these cases and the declaratory judgment cases that are already pending before Judge Koh. Specifically, the cases involve the same parties, the same accused technology, overlapping claim construction issues, overlapping inventors, and overlapping issues of validity.

First, these cases and the cases pending before Judge Koh involve the same parties: VoIP-Pal versus Apple and VoIP-Pal versus AT&T. *See Apple Inc. v. VoIP-Pal.com, Inc*., Case No. 5:20-cv-2460 (N.D. Cal.); *AT&T Corp. et al. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-2995 (N.D. Cal.). Judge Koh has previously determined, based on the overlap of parties (among other things), that there is a substantial relationship between the 2020 California declaratory judgment cases and the 2016 and 2018 Cases previously filed by VoIP-Pal. *See, e.g.,* Fulghum, Ex. 29 (Order Relating Cases); *see also id.*, Ex. 16. Apple, AT&T, and Verizon have each asked Judge Koh to make the same determination with respect to the 2021 California cases (declaratory judgment cases involving the same patents at issue here). Judge Koh is expected to make that determination shortly.

Second, VoIP-Pal's own allegations demonstrate the substantial similarity between the technology at issue in these cases and in the cases previously or currently pending before Judge Koh—including, as previewed above, the same or similar alleged benefits and improvements for each patent. *See supra* Section II.E. For example, in its complaints in these 2021 Texas Cases and its answers in the 2020 California Cases, VoIP-Pal alleged each time that "[t]he inventions of

the Patents-in-Suit originated from breakthrough work and development in the internet protocol communications field" and reflected "significant improvements to communications technology by the invention of novel methods, processes and apparatuses that facilitate communications across and between internet protocol based communication systems and networks, such as internally controlled systems and external networks (e.g., across private networks and between private networks and public networks)" including routing through such systems.  *See e.g.*, Fulghum, Ex. 30A at ¶¶ 13, 14, 30B at ¶¶ 15, 16; 30C at ¶¶ 16, 17 (VoIP-Pal Complaints); Ex. 31A at 8, 31B at 8, 31C at 8 (VoIP-Pal Declaratory Judgment Answers).  Crucially, VoIP-Pal specifically alleged in both pleadings that "the Patents-in-Suit disclose **and claim** a distinct manner of [mobile] call routing"—showing that VoIP-Pal understands the identical subject matter to which each of the patents is directed.  *See, e.g.*, Fulghum, Ex. 30A at  ¶ 22, Ex. 30B at ¶ 24; Ex. 30C at ¶ 25; Ex. 31A at 13, Ex. 31B at 13, Ex. 31C at 13.  Further, in both pleadings, VoIP-Pal uses a nearly identical narrative to describe the background of the technological field.  *See, e.g.*, Fulghum, Ex. 30A at ¶¶ 14-21, Ex. 30B at ¶¶ 16-24; Ex. 30C at ¶¶ 19-27; Ex. 31A at 8-12, Ex. 31B at 8-12, Ex. 31C at 8-12.  Similarly, in the 2016 and 2018 Cases, over which Judge Koh presided to final judgment, VoIP-Pal described its other asserted patents in the same or similar ways.  *See, e.g.*, Fulghum, Ex. 22 at 2; Ex. 23 at 4-8.  VoIP-Pal has stated in SEC filings that the '815 patent asserted in the 2016 cases is "foundational and [VoIP-Pal's] other[ patents including the '234 patent] build upon the former."  *See, e.g.*, Fulghum, Ex. 21 at 4 (Form 10-K Filing).

Third, the specifications of the patents in these cases are nearly identical to the specifications of the patents at issue in Judge Koh's cases—further demonstrating the substantial similarity of the technology at issue.  For example, the "call controller" of figure 4 of the '606 Patent (currently at issue in cases pending before Judge Koh) and figures 15 of the '234 and '721

Patents (asserted by VoIP-Pal here) are the same.  Other examples include: figure 2 from each patent describing a "phone" with a "memory" structure including a "Parameter Memory," "Program Memory," and "Temporary Memory"; figure 9 from each patent describing the "Dialing Profile for a User"; figure 3 of the '606 Patent and figures 14 of the '234 and '721 Patents each depicting a "SIP Invite Message"; figure 6 of the '606 Patent and figures 17 of the '234 and '721 Patents each describing a "RC Request Message"; and figures 8A-8B of the '606 Patent and figures 18A-18B of the '234 and '721 Patents each showing flowcharts for an "RC Request Message Handler."   The abstracts are likewise almost the same:

- '606 Patent, Abstract: "A process and apparatus to facilitate communication between callers and callees. . . . In response to initiation of a call by a calling subscriber, a caller identifier and a callee identifier are received[.]" Fulghum, Ex. 32; and

- '234 and '721 Patent Abstracts: "A method of initiating a call to a callee using a mobile telephone. . . receiving, from a user of the mobile telephone, a callee identifier associated with the callee." Fulghum, Ex. 33A and 33B.

Fourth, potential claim construction issues overlap between these cases and the cases already pending before Judge Koh.  *See* Section II.E.  Specifically, the term "routing controller," appears in the claims of both patents while "network element," "gateway," and "at least one processor" appear in the claims of the '721 patent.  The terms "call controller," "private network," "load sharing," and "routing message," appear in both specifications.  This substantial overlap means that Judge Koh will soon address issues of claim construction that will almost certainly impact claim construction regarding the patents at issue in these cases.

Fifth, Judge Koh previously decided subject matter eligibility issues in the 2016 and 2018 cases, holding that VoIP-Pal's claims are directed to the "abstract idea of routing a call based on characteristics of the caller and callee."  Fulghum, Ex. 7 at 21; *see* Ex. 13 at 39.  In this case, VoIP-Pal's Complaint states "the Patents-in-Suit  disclose and claim a distinct manner of [mobile] call routing."  *See, e.g.*, Fulghum, Ex. 30A at  ⁋ 22, Ex. 30B at ⁋ 24, Ex. 30C at ⁋ 25; Ex. 31A at

13, Ex. 31B at 13, Ex. 31C at 13.  Also, Judge Koh's patent eligibility analysis in the 2016 and 2018 cases focused on the term "routing controller."  *See, e.g.*, Fulghum, Ex. 7 at 29-32.  Similar claim terms exist in the patents at issue in these cases.  As a result, Judge Koh's knowledge of subject matter eligibility issues related to call routing patents is directly applicable to this case.

Sixth, the accused products at issue are identical across the cases—again further demonstrating the substantial similarities between the cases.  *See* Section II.E (explaining that all of the cases involve allegations concerning Apple's FaceTime and Messages applications; AT&T's WiFi Calling; and, Verizon's Wi-Fi Calling).

> **3.      Just Like It Did In The 2020 Cases, The Court Should Stay These Actions And Permit Judge Koh To Consider The Relationship Of The Cases.**

This Court has the inherent power to stay its actions.  *See, e.g., Lighthouse Consulting Group, LLC v. Ally Financial Inc. et al.*, Case No. 6:19-cv-592, D.I. 27 at 3 (Mar. 25, 2020) (staying cases pending entry of *Markman* order in a related case in a different district).  Indeed, that is precisely what this Court did in 2020 under essentially the same circumstances. *See, e.g.,* Fulghum, Ex. 34 (Order Staying Case)  (staying action "until the Northern District of California enters an order on the pending motions").

Rather than craft a temporary restraining order or preliminary injunction (which, as explained above, are not factually or legally justified), the Court should do what it did in 2020: stay these actions to allow Judge Koh to decide whether the issues are substantially related and whether that Court intends to exercise jurisdiction.  Judge Koh has years of experience with the parties, the accused technologies, VoIP-Pal's "foundational" patents upon which the '234 and '721 patent "build," and legal issues attendant this case.  Judge Koh is in the best position to determine whether the NDCA court's knowledge of this dispute will be a benefit to this case and to determine whether the first-filed rule should be applied.  As before, a stay would foster judicial comity by

giving deference to Judge Koh and by preserving party and judicial resources at least while the mechanics of the first-to-file rule are resolved.

Moreover, a brief stay would not prejudice VoIP-Pal. *See Lighthouse*, 2020 WL 6365538, at *2 ("[T]here does not appear to be any discernible prejudice to Lighthouse by this stay for several reasons. First, the stay is relatively short."). VoIP-Pal is a non-practicing entity that does not compete with any of the Defendants, and courts have held that "[i]n litigation involving non-competitors, delay of potential money damages does not generally create an undue prejudice that merits denying a stay." *See Alacritech, Inc. v. CenturyLink, Inc.*, 2017 WL 4231459, at *2 (E.D. Tex. 2017). If anything, a stay would benefit rather than prejudice VoIP-Pal because it would save the parties (and the Court) from duplicative briefing and/or follow-on rounds of briefing to account for relevant updates in the parallel proceedings.

## IV.    CONCLUSION

Defendants Apple, AT&T, and Verizon respectfully request that the Court deny VoIP-Pal's motion for a temporary restraining order and a preliminary injunction and, instead, stay this case pending Judge Koh's determinations on whether declaratory judgment cases (involving the same patents at issue here) are substantially related to cases that Judge Koh is already presiding over. That brief stay is exactly how this Court handled this very situation a year ago—which ultimately led to the dismissal of lawsuits in this District and conservation of this Court's resources. A stay is warranted again for the same reasons.

Dated: August 9, 2021

Respectfully submitted,

*/s/ Ameet A. Modi*
Ameet A. Modi (*pro hac vice*)
DESMARAIS LLP
101 California St.
San Francisco, CA 94111
Tel: (415) 573-1905
Fax: (415) 573-1901
amodi@desmaraisllp.com

John M. Desmarais (*pro hac vice*)
Raymond N. Habbaz (*pro hac vice*)
Joze Welsh (*pro hac vice*)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, NY 10169
Tel: (212) 351-3400
Fax: (212) 351-3401
JDesmarais@desmaraisllp.com
rhabbaz@desmaraisllp.com
jwelsh@desmaraisllp.com

J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
steve.ravel@kellyhart.com
kelly.ransom@kellyhart.com

*Attorneys for Defendant Apple Inc.*

Dated: August 9, 2021                      Respectfully submitted,

                                           */s/ Roger Fulghum*
                                           BAKER BOTTS L.L.P.
                                           Roger Fulghum
                                           State of Texas Bar No. 00790724
                                           One Shell Plaza, 910 Louisiana Street
                                           Houston, Texas 77002
                                           Telephone:  713.229.1707
                                           Facsimile:  713.229.2707
                                           Email: roger.fulghum@bakerbotts.com

                                           *Attorney for Defendants AT&T Corp., AT&T
                                           Services, Inc., and AT&T Mobility LLC*


Dated: August 9, 2021                      Respectfully submitted,

                                           By: */s/ J. Mark Mann*
                                           **J. Mark Mann**
                                           State Bar No. 12926150
                                           mark@themannfirm.com
                                           **MANN | TINDEL | THOMPSON**
                                           300 West Main Street
                                           Henderson, Texas 75652
                                           (903) 657-8540
                                           (903) 657-6003 (fax)

                                           VENABLE LLP
                                           Frank C. Cimino, Jr.
                                           (pro hac vice to be filed)
                                           fccimino@venable.com
                                           Megan S. Woodworth
                                           (pro hac vice to be filed)
                                           mswoodworth@venable.com
                                           600 Massachusetts Ave., NW
                                           Washington, D.C. 20001
                                           Telephone:  (202) 344-4000
                                           Facsimile:  (202) 344-8300

William A. Hector
(pro hac vice pending)
wahector@venable.com
101 California Street, Suite 3800
San Francisco, CA  94111
Telephone:     (415) 653-3750
Facsimile:      (415) 653-3755

*Attorney for Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., and Verizon Business Network Services LLC*